# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROSE BURTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | C.A. No. N23A-02-004-KMM |
| v. | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: January 2, 2024
Decided: January 10, 2024

On Appeal from Unemployment Insurance Appeal Board

*Affirmed in part; reversed in part and remanded*


## MEMORANDUM OPINION AND ORDER


Rose Burton, New Castle, DE, Appellant.


Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., 6th Floor Wilmington, DE 19801, *Attorney for Appellee Delaware Unemployment Insurance Appeal Board*.


**Miller, J.**

# BACKGROUND

## A. *Burton filed a claim for benefits.*

Appellant Rose Burton ("Burton") was employed by Mentor Management Inc. since 2018.[1]  In early 2021, Burton's mother became ill with COVID-19.[2]  Her father had recently died of COVID-19 and therefore, Burton took an unpaid leave from her employment under the Family Medical Leave Act ("FMLA") to care for her mother in Florida.[3]  After the FMLA leave expired, and having no additional vacation or bereavement leave, in May 2021, Burton separated from her employer to continue to care for her sick mother.[4]

On May 23, 2021, Burton filed a claim for unemployment benefits with the Delaware Department of Labor, Division of Unemployment Insurance (the "DOL").[5]

## B. *The Claims Deputy denied Burton's claim.*

On October 1, 2021, the Claims Deputy issued a determination that Burton was "Disqualified" from receiving benefits because she "separated due to personal reasons."[6]  Although Burton did not claim that she had a medical condition that prevented her from working, the Claims Deputy relied on 19 *Del. C.* § 3314(8) to

---

[1] Record, p. 33.
[2] *Id.*
[3] *Id.,* pp. 33-34.
[4] *Id.*, p. 44.
[5] *Id.*
[6] *Id.*

determine Burton was Disqualified.[7]  Section 3314(8) provides that an individual's inability to work will disqualify her from benefits until such time as she becomes available to work as determined by a doctor's certification.

Burton timely filed an appeal to the Appeals Referee.[8]

## C.     *The Appeals Referee denied Burton's claim*.

An appeal hearing was held on July 27, 2022, at which Burton testified and confirmed her New Castle, Delaware mailing address.[9]   Burton's testimony regarding her father's death and her mother's illness was undisputed and the Appeals Referee found her to be credible.[10]

The Referee's Decision, issued August 3, 2022, affirmed the Claims Deputy's determination of "Disqualified".[11]  The Referee's Decision stated that Burton "was not fully able and available for work at the time of her claim for benefits."[12]  The Referee also relied on 19 *Del. C.* § 3314(8) to determine Burton was Disqualified.

The Referee's Decision was mailed to Burton's New Castle address on August 3, 2022.[13]  The Referee's Decision advised Burton of her right to appeal and that the decision would be final unless an appeal were filed within 10 days.[14]  The notice

---

[7] *Id.*
[8] *Id.*, p. 30.
[9] *Id.*
[10] *Id.*, p. 35.
[11] *Id.*, pp. 23-25.
[12] *Id.*, p. 24.
[13] *Id.*, p. 26.
[14] *Id.*, p. 23.

identified the appeal deadline as August 13, 2022. Because the appeal deadline fell on a Saturday, the deadline was automatically extended to the next business day – Monday, August 15, 2022.

By letter dated August 13, 2022, received by the DOL on August 17, 2022, Burton filed an appeal.[15]

**D.      *The Board determined that Burton's appeal is untimely.***

The Unemployment Insurance Appeal Board (the "Board") considered Burton's appeal at its August 24, 2022 hearing. The Board stated that the Appeals Referee found Burton to be Disqualified from benefits because her unemployment "was due to her medical inability to work."[16] The Board issued its decision on October 18, 2022 (the "October 18 Decision"), finding that the appeal was not received by the DOL until August 17, 2022. The Board further found that, pursuant to 19 *Del. C.* § 3318(c), the Referee's Decision "'shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal [to the Board] is initiated pursuant to § 3320 of this title.' This statutory time limit is jurisdictional."[17] Because the appeal was untimely, the Board determined that it

---

[15] *Id.*, p. 22.
[16] *Id.*, p. 16.
[17] *Id.*, p. 17.

was prohibited from accepting the appeal.[18] The Board did not address the merits of Burton's appeal.

The Board noted that it has discretion to hear an untimely appeal in "*severe* circumstances."[19] The Board, however, is extremely cautious in exercising this discretion and may do so where there is evidence of some administrative error or if the interests of justice require Board action.[20] The Board declined to exercise its discretion to hear the untimely appeal because it found that Burton did not present any evidence of severe circumstances and there was no administrative error. Accordingly, the Board affirmed the Appeals Referee's Disqualified determination.[21]

Pursuant to 19 *Del. C.* § 3304, "[w]hen any notice, report or other document is required to be filed under this chapter and the same is forwarded by mail to the [DOL], the day of mailing shall be deemed to be the day of filing." Thus, if Burton mailed her Notice of Appeal on August 13, 2022 (or by August 15), it would have been timely. The Board noted that the Notice of Appeal was dated August 13, 2022, but that Burton submitted no evidence of it being emailed or postmarked by August 13. The Board encouraged Burton to submit such documentation of mailing the

---

[18] *Id.*
[19] *Id.* (emphasis in original).
[20] *Id.*
[21] *Id.*

Notice of Appeal, if she had any such evidence, *with a request for rehearing within 10 days*.[22]

The Burton had 10 days to file a request a rehearing; that is, until October 28, 2022.[23]

### E. *The Board construed Burton's email as a request for a rehearing and denied the request.*

On September 24, 2022, Burton had updated her address with the DOL, providing a Wilmington address.[24]  Having not received a decision from the Board, Burton contacted the DOL on November 3, 2022.  Through this phone call, Burton learned that a decision had been issued but it had been mailed to the previous New Castle address.  Burton then emailed the Board on November 3, 2022 (the "November 3 Email"), advising that she had just learned of the existence of the decision and that the appeals office "is going to mail the decision to [the correct] address today." The November 3 Email also stated: "Please reconsider your decision based on an administrative error that was made," referring to the October 18 Decision being mailed to the incorrect address.

Even though the November 3 Email was beyond the 10-day period to request a rehearing, the Board determined that, due to the administrative error of failing to

---

[22] *Id.*, p. 16, n.2 (emphasis added).
[23] *Id.*, p. 18.
[24] *Id.*, p. 14.

mail the October 18 Decision to the Wilmington address, it would consider her request for a rehearing.[25]

Pursuant to Board Rule 7.1, the grant or denial of a request for rehearing is solely within the Board's discretion.[26] Turning to the merits of the rehearing request, the Board declined to exercise its discretion to rehear Burton's initial appeal. The Board ruled:

> There is no documentary evidence to support Claimant's argument that she informed the Department of an updated address prior to the Chief Referee's decision being mailed. Without evidence of administrative error by the Department that prevented Claimant from timely filing an appeal of the Chief Referee's decision, the Board declines to accept Claimant's untimely appeal under § 3320.[27]

The decision denying the request for rehearing was mailed to Burton on January 5, 2023. The Board's decision would become final in 10 days - January 15, 2023.[28] Therefore, Burton had until January 25, 2023 to file a Notice of Appeal in this Court.

## F.   *Burton filed a Notice of Appeal in the Superior Court.*

Burton filed a Notice of Appeal in the Superior Court. While the Notice of Appeal bears a handwritten date of January 24, 2023, per the docket, it was not filed

---

[25] *Id.*, p. 5.

[26] *Id.*

[27] *Id.*

[28] 19 *Del. C.* § 3322. Section 3322 was amended, effective October 1, 2023, to provide that a Board decision shall become final 15 days after the date of mailing or other delivery thereof. Because the amendment was not effective when the Board issued its decision here, the October 18 Decision became final in 10 days.

in this Court until February 23, 2023.

Because the Notice of Appeal was filed beyond the appeal period, on December 27, 2023, the Court issued a Rule to Show Cause why the appeal should not be dismissed as untimely. Burton filed a response on January 2, 2024.[29] Burton attached documents substantiating that she mailed the Notice of Appeal from Florida on January 24, 2023. A notice from the Court dated January 31, 2023, informed Burton that the filing was deficient and therefore it was being rejected.[30] The notice of rejection did not provide a filing deadline for the corrected appeal documents. The notice of deficiency was mailed to Burton on February 3, 2023. Burton states that she correctly completed the forms and attached proof that she mailed them to the Court on February 17, 2023,[31] which were received and docketed on February 23, 2023.

The Board does not assert that this appeal is untimely.

The Court considers the Notice of Appeal as timely and therefore, will consider the merits of this appeal.[32]

---

[29] D.I. 23.

[30] *Id.*, Ex. H.

[31] *Id.*, Ex. K.

[32] By this Memorandum Opinion and Order, the Court finds that the Notice of Appeal to this Court was filed *nunc pro tunc* on January 24, 2023; 19 *Del. C.* § 3304; *Young v. Christiana Care*, 2022 WL 1468746, at *4 (Del. Super. May 10, 2022) (ruling that appeal was filed as of the date the first, but defective, notice of appeal was filed).

## THE PARTIES' CONTENTIONS

Burton argues that the Board made three errors. First, the Board erred in finding that she left her employment for personal reasons. Burton argues that she advised her employer "that she would not be able to return to work because she had been designated caregiver while her mother continued to be sick and disabled."[33] She insists that having to care for her mother was not a "personal matter."[34] Second, the DOL erred in not offering her Pandemic Unemployment Assistance ("PUA"). She claims that she should have been offered this assistance once she was disqualified from receiving "traditional benefits."[35] Third, the Board failed to acknowledge that she left her employment for "good cause", as that term is used in 19 *Del. C.* § 3314(1). Because she left her employment to care for a sick parent, she continues, she is not disqualified from benefits under Section 3314.[36]

---

[33] Opening Brief ("OB"), p. 6.
[34] *Id.*, p. 9.
[35] *Id.*, p. 11.
[36] Section 3314, provides in relevant part:

> An individual, who quits work to care for that individual's … parent with a verified illness or disability, will not be considered to have left work voluntarily without good cause attributable to such work. For the purposes of this paragraph, a "verified illness or disability" is defined as one that necessitates the care of the individual's ill or disabled … parent that lasts longer than the individual's employer is willing to grant leave for.

The Board responds that the merits of the determination of "Disqualified" are not at issue in this appeal. But rather, the issues are limited to the Board's denial of Burton's "request for appeal" and her request for rehearing.

On the merits of the appeal, the Board argues that it was within the Board's discretion to hear Burton's "appeal request" and it did not abuse its discretion in declining to hear the appeal.[37] In support of this argument, the Board asserts that the appeal was untimely and there is no evidence of severe circumstances in the record. Further, the Board claims that it "did not find any error in the underlying Referee's decision."[38] With respect to the request for rehearing, the Board argues that Burton did not change her address before the Appeals Referee's decision was issued and therefore, there was no basis to grant a rehearing.[39]

In her reply, Burton argues that she never received a response to the November 3 Email and by the time she received the October 18 Decision at the correct address, the time to file a further request had expired. Thus, she did not have an opportunity to request a rehearing based on the Board's October 18 Decision.

## STANDARD OF REVIEW

On an appeal from the Board, this "[C]ourt must determine whether the findings and conclusions of the Board are free from legal error" and whether they

---

[37] Answering Brief ("AB"), pp. 3-4.
[38] *Id.*, p. 4.
[39] *Id.*, pp. 6-7.

9

are "supported by substantial evidence in the record."[40] Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[41] The Court does not "weigh the evidence, determine questions of credibility or make its own factual findings."[42]

Absent an abuse of discretion, this Court will uphold the Board's determination.[43] This Court will "not disturb a discretionary decision of the Board unless the Court finds that it was based on clearly unreasonable or capricious grounds."[44]

## DISCUSSION

A. ***The Board's determination that Burton's initial appeal was untimely is supported by substantial evidence***.

Burton spends much of her briefs arguing the merits of her appeal *to the Board* – that the Claims Deputy and Appeals Referee were wrong in determining she was Disqualified from receiving benefits and that she should have been provided an

---

[40] *Wilson v. Unemployment Ins. Appeal Bd.,* 2011 WL 3243366, at *2 (Del. Super. July 27, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin,* 431 A.2d 1265, 1266 (Del. 1981)); 19 *Del. C.* § 3323(a).

[41] *Stewart v. Christiana Care Health Servs.*, 2021 WL 6109795, at *2 (Del. Super. Dec. 23, 2021) (quoting *Lorah v. Home Helpers, Inc.*, 2011 WL 2112739, at *2 (Del. May 26, 2011) (citing *Oceanport Indus., Inc. v. Wilm. Stevedores, Inc.,* 636 A.2d 892, 899 (Del. 1994))).

[42] *Lorah*, 2011 WL 2112739, at *2 (citing *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del. 1965)).

[43] *Berry v. Mayor and Council of Middletown*, 2021 WL 839081, at *2 (Del. Super. Mar. 4, 2021) (citing *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991)).

[44] *Davis v. Walmart*, 2023 WL 4996697, at *2 (Del. Super. Aug. 4, 2023) (citation omitted); *see also, Pumphrey v. Allen Harim Foods*, 2019 WL 4034292, at *2 (Del. Super. Aug. 26, 2019) ("'an abuse of discretion occurs where the Board exceeds the bounds of reason in the view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'") (citation omitted).

application to apply for PUA. However, the Court cannot reach the merits of Burton's previous appeals because the issues here are limited to whether the *Board's determinations* are supported by substantial evidence and whether *its discretionary decisions* were clearly unreasonable or capricious.

The Board appears to argue that it had discretion to accept or deny Burton's appeal in the first instance. To the extent that the Board is asserting this position, it is incorrect. If an appeal is timely, the Board does not have discretion to accept or deny it. It must address the merits of the appeal. The Board's determination of whether an appeal is timely is reviewed by this Court to determine whether that decision is supported by substantial evidence.

Under Section 3318(c), an appeal of a Referee's Decision must be filed in 10 days. The Referee's Decision was mailed on August 3, 2022. Thus, the appeal deadline would have been August 13, but the deadline fell on a Saturday. Therefore, Burton had until August 15, 2022 to file a notice of appeal with the Board.

While the Notice of Appeal is dated August 13, 2022, it was not received by the DOL until August 17, 2022, after the appeal deadline. Thus, based on the evidence in the record, the Board's decision that the appeal was untimely is supported by substantial evidence.[45]

---

[45] Contrary to the Board's argument, it did not address the merits of the Referee's Decision.

**B.**     ***The Board did not abuse its discretion in refusing to hear Burton's untimely appeal.***

The Board has discretion to accept an untimely appeal.  It does so very rarely, and only in severe circumstance.  Such circumstances, historically, have been where (1) the DOL commits an administrative error that prevents a timely appeal, or (2) the Board finds under the totality of circumstances that the interests of justice require the Board to hear the appeal.[46]

There is no evidence in the record that Burton's untimely appeal to the Board was the result of an administrative error or that she provided a factual basis for the Board to find that her appeal should be heard in the interests of justice.  While Burton complains about the DOL sending its decision to the incorrect address, Burton did not change her address before the deadline for her appeal *to the Board*.  Thus, the change of address had no impact on her filing that appeal.  Accordingly, the Board did not abuse its discretion in refusing to hear Burton's untimely appeal.

**C.**     ***The Board abused its discretion in denying Burton's request for rehearing.***

Prior to the Board's issuance of the October 18 Decision, Burton changed her address with the DOL.  Having not received a decision, on November 3, 2022, Burton contacted the DOL to inquire about the status of her matter.  She learned that the Board's decision was mailed on October 18 to an incorrect address.  Also on

---

[46] *See, Young*, 2022 WL 1468746, at *5.

November 3, the DOL advised Burton that it was mailing the October 18 Decision to the correct address.

By the time Burton learned that the October 18 Decision had been issued, the time to request a rehearing had expired. Despite Burton not having the October 18 Decision when she sent the November 3 Email, the Board considered the November 3 Email as a request for a rehearing on the merits of the Board's determination that her appeal to the Board was untimely.

The Board considered Burton's request for rehearing (as expressed in the November 3 Email) because the DOL mailed the October 18 Decision to the wrong address. The Board found that there was no administrative error which would have prevented Burton from timely filing an *appeal to the Board* and therefore, it denied her request for a rehearing.

The Board's focus on the timing of Burton changing her address after issuance of the Referee's Decision misses the mark. There is no dispute that Burton changed her address *before* issuance of the October 18 Decision and that the DOL did not mail the decision to the new address until November 3 or later. The Board never addresses these facts in its brief.

Of course, Burton could not have submitted a request for a rehearing on the merits on November 3 because she had not received the October 18 Decision due to the DOL's administrative error. Because of the administrative error, Burton was

13

deprived of the opportunity to present her arguments based on the Board's October 18 Decision. Burton should have been given an opportunity to exercise her right to submit a request for a rehearing *after the decision was mailed to the correct address*. She was not given that opportunity. Indeed, there is no evidence in the record that when the October 18 Decision was mailed to the correct address (on or around November 3) that Burton was given a "new" 10-day period to file a request for rehearing. The Board's discretionary decision to treat the November 3 Email as a request for a rehearing when Burton did not have the benefit of receiving the October 18 Decision was clearly unreasonable and capricious as it denied Burton a meaningful opportunity to challenge the Board's decision that her appeal was untimely. Accordingly, the Board's decision is reversed.

## CONCLUSION

Because Burton was not provided a meaningful opportunity to seek a rehearing, the Board's denial of Burton's request for rehearing is **REVERSED**. This matter is **REMANDED** to the Board for further proceedings consistent with this opinion. On remand, the Board is to provide Burton with notice of a 10-day period (to start the day the notice is mailed to Burton) to request a rehearing. If Burton chooses to file a request for rehearing, if she has such evidence, she may present documentation that she mailed her appeal to the Board on August 13 (or at least by

14

August 15), as the Board encouraged her to do, and any other argument Burton could have made had the October 18 Decision been mailed to the correct address.

The Board shall make further findings based on Burton's submission.

**IT IS SO ORDERED**.

*/s/Kathleen M. Miller*

Kathleen M. Miller, Judge